O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEOTA CHRISTIE,<br><br>　　　　　　Plaintiff,<br>　　v.<br>MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC; CAPITAL HOLDINGS, LLC; SAXON MORTGAGE SERVICES, INC.; FV-I, INC.; LES ZIEVE dba LAW OFFICES OF LES ZIEVE; SPECIALIZED LOAN SERVICING; all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title thereto; and DOES 1–100, inclusive,<br><br>　　　　　　Defendants. | Case No. 8:12-cv-01584-ODW(JPRx)<br><br>**ORDER GRANTING LES ZIEVE AND SPECIALIZED LOAN SERVICING, LLC'S MOTIONS TO DISMISS [24, 28]** |

## I. INTRODUCTION

On December 20, 2012, Defendant Les Zieve (dba Law Offices of Les Zieve) moved to dismiss Plaintiff Yeota Christie's mortgage-foreclosure Complaint. (ECF No. 24.) On December 28, 2012, Defendants FV-I Inc. and Specialized Loan Servicing separately moved to dismiss Christie's Complaint. (ECF No. 28.) Due to the substantial overlap in these concurrently filed motions, the Court considers the motions together. Having carefully considered the papers filed in support of and in

opposition both motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, the Court dismisses this action with prejudice.

## II.   FACTUAL BACKGROUND

On September 19, 2007, Christie obtained an adjustable-rate home refinance loan from Wells Fargo Bank in the amount of $787,500.00. (Compl. Ex. C.) This loan was secured by a deed of trust naming Wells Fargo as the lender and beneficiary and Fidelity National Title Insurance Company as the trustee under the deed of trust. (Compl. Ex. D.)

On June 26, 2009, Wells Fargo (through its agent First American LoanStar Trustee Services, LLC) executed a Substitution of Trustee substituting First American LoanStar Trustee Services for Fidelity National Title Insurance Company as the trustee under the DOT. (Les Zeive's Request for Judicial Notice ("RJN") Ex. 2.) This substitution was recorded on June 30, 2009. (*Id.*)

Christie alleges that on November 13, 2009, she received an unsigned letter from an unidentified person or entity informing her that her loan had been assigned, sold, or transferred to Morgan Stanley Mortgage Capital Holdings, LLC, effective October 14, 2009. (Compl. ¶ 4.)

On July 22, 2010, after falling behind on her mortgage payments, Christie entered into a Loan Modification Agreement with Saxon Mortgage Services Inc., which Christie insists asserted that it was the lender on her loan. (Compl. ¶ 5 & Ex. C.) Christie contends that during the period from July 2010 to February 2012, she paid Saxon $54,481.11 in mortgage payments under the modified terms of her loan. (*See* Compl. ¶ 6.) Christie does not state in her Complaint what her monthly payments were during this period or that she consistently made those payments in full and on time, nor does she contend that the aggregate $54,481.11 in payments that she made during this period were not properly applied to her loan.

/ / /

On July 5, 2012, a Notice of Default and Election to Sell was recorded, indicating that Christie was in default on her mortgage in the amount of $51,319.25. (Compl. Ex. H.)  The Notice of Default noted that the Law Offices of Les Zieve was then acting as either "the original Trustee" (which was actually Fidelity National Title Insurance Company), "the duly appointed substituted Trustee" (which at this time was actually First American LoanStar Trustee Services), or "as agent for the Trustee." (*Id.*)

On August 8, 2012, Wells Fargo executed an Assignment of Deed of Trust purporting to transfer Christie's deed of trust from Wells Fargo Bank to FV-1, Inc. in trust for Morgan Stanley.  (Compl. Ex. I.)  The Assignment was recorded on August 17, 2012.  (*Id.*)

On August 27, 2012, FV-I executed a Substitution of Trustee formally substituting the Law Offices of Les Zieve for First American LoanStar Trustee Services, LLC as the trustee under the DOT.  (RJN Ex. 5.)  This substitution was recorded on October 10, 2012.  (*Id.*)

Christie alleges that she "does not know who the current lender and beneficiary of her Note and Deed of Trust actually is, such that she is now subject to double financial jeopardy."  Finding herself "having no other alternative," Christie filed this action in this Court on September 20, 2012.  Christie's Complaint alleges eight claims, styled as follows: (1) declaratory relief under 28 U.S.C. §§ 2201–2202; (2) negligence; (3) negligent infliction of emotional distress; (4) "negligence – unfair debt collection [15 U.S.C. §2605]"; (5) unfair business practices under California's unfair competition law, Cal. Bus. & Prof. Code § 17200; (6) accounting; (7) cancellation of written instrument under California Civil Code section 3412; and (8) quiet title.  The crux of Christie's contentions is that it is unclear who owns the note to her home and thus who is entitled to enforce the note through foreclosure.

October 11, 2012, Christie received a Notice of Trustee's sale alerting her that a foreclosure sale would proceed on November 2, 2012.  On October 29, 2012, Christie

reacted to this notice by filing an ex parte application for a temporary restraining order to stay the November 2 trustee's sale. (ECF No. 15.) The Court denied this request on October 30, 2012, finding that Christie had failed to establish a likelihood of success on the merits.

Les Zieve and Specialized Loan Servicing now move to dismiss Christie's Complaint. (ECF Nos. 24, 28.)

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-

1  specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 566 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DICUSSION

This Court has federal-question jurisdiction over Plaintiff Yeota Christie's Complaint on the basis that Christie has alleged a sole federal claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Because this claim fails as a matter of law, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and therefore does not address those claims.

**A. Christie's FDCPA Claim Fails Because Neither Les Zieve nor Specialized Loan Servicing Are "Creditors" as a Matter of Law**

The purpose of the FDCPA is to eliminate abusive debt collection practices, including the harassment and abuse of consumers. 15 U.S.C. § 1692(e). "To effectuate this purpose, the Act prohibits a 'debt collector' from making false or

1  misleading representations and from engaging in various abusive and unfair
2  practices." *Izenberg v. ETS Servs., LLC.*, 589 F.Supp.2d 1193, 1198 (C.D.Cal.2008);
3  15 U.S.C. §§ 1692d–1692f.  Accordingly, "[t]o state a claim for violation of the
4  FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a
5  'debt.'" *Izenberg*, 589 F.Supp.2d at 1199.

> A "debt collector" under the FDCPA is defined as
> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  15 U.S.C. § 1692a(6) (emphasis added).

The FDCPA expressly excludes from this definition any person collecting or attempting to collect a debt originated by that person. *Id.* § 1692a(6)(F)(ii). Moreover, "[t]he law is well-settled that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Costantini v. Wachovia Mortg. FSB*, No. 2:09–cv–0406–MCE–DAD, 2009 WL 1810122, at *3 (E.D. Cal. June 24, 2009) (internal alterations omitted) (quoting *Hepler v. Wash. Mut. Bank, F.A.*, No. CV 07–4804 CAS (Ex), 2009 WL 1045470 at *4, (C.D. Cal. Apr.17, 2009)).  And even more broadly, "most courts to examine this issue have concluded that foreclosure activity does not constitute 'debt collection'" under the FDCPA. *Trinh v. Citibank, NA*, No. 5:12-cv-03902 EJD, 2012 WL 6574860, at *7 (N.D. Cal. Dec. 17, 2012) (collecting cases).

Here, Christie alleges that Les Zieve and Specialized Loan Servicing "have attempted to collect Plaintiff's debt obligation and thus is [*sic*] a debt collector pursuant to the" FDCPA.  (Compl. ¶ 83.)  But Christie also alleges that Specialized Loan Servicing "attempted to collect on the Note under false pretenses" while it was "*acting as Plaintiff's mortgage servicer*."  (Compl. ¶¶ 85–86 (emphasis added).) Based on this contention, it appears Specialized—as a loan servicer—is statutorily exempt from the FDCPA.

As to Les Zieve, Christie simply concludes that Les Zieve is a debt collector under the FDCPA because certain correspondence Les Zieve sent her noted that the correspondence related to debt collection. (*See, e.g.*, Compl. ¶¶ 37, 86; Opp'n to Les Zieve's Mot. 11–12.) But even if Les Zieve's assertion that it was collecting a debt could bring it within the FDCPA's statutory definition of a "debt collector"—a point neither Les Zieve nor this Court concede—"the vast majority of district courts within the Ninth Circuit to have considered the issue have concluded that the FDCPA does not apply to the actions taken by lenders or their agents when foreclosing on the lender's security interest under a deed of trust, in a non-judicial foreclosure of property." *Cromwell v. Deutsche Bank Nat. Trust Co.*, No. 11–2693, 2012 WL 244928, at *2 (N.D.Cal. Jan.25, 2012) (collecting cases). This Court discerns no reason to stray from this weight of authority.

Accordingly, Christie's sole federal claim for violation of the FDCPA is hereby **DISMISSED**. Because Christie's FDCPA claim fails as a matter of law, dismissal of this claim is **WITH PREJUDICE**. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile.").

**B.    The Court Declines to Exercise Supplemental Jurisdiction Over Christie's California State-Law Claims**

In addition to her federal FDCPA claim, Christie has alleged multiple state-law claims for (1) declaratory relief; (2) negligence; (3) negligent infliction of emotional distress; (4) unfair business practices; (5) accounting; (6) cancellation of written instrument; and (8) quiet title. Christie contends this Court has supplemental jurisdiction over these "state law claims because they form a part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. §1367 [*sic*]." But because the Court has now dismissed Christie's sole federal claim with prejudice, it therefore lacks federal-question jurisdiction. In the absence of a federal claim, the Court may not exercise supplemental jurisdiction over the remaining

state law-claims under 28 U.S.C. § 1367(c)(3).  *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it has original jurisdiction."); *see also San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction under 28 U.S.C. § 1367(c)(3)).

## V.   CONCLUSION

For the reasons set forth above, this action is hereby **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 11, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**